# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLORIA SADLOWSKI,<br>    *Plaintiff*,<br><br>v.<br><br>TOWN OF MIDDEFIELD.,<br>    *Defendant.* | No. 3:17-cv-2043 (VAB) |

**RULING ON PENDING MOTIONS**

On December 7, 2017, the Town of Middlefield removed this case from Connecticut Supreme Court. Notice of Removal, ECF No. 1. On December 14, 2017, Magistrate Judge William Garfinkel recommended that Ms. Sadlowski's Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). ECF No. 12. On June 29, 2018, the Court adopted Judge Garfinkel's recommended ruling and noted that the Supreme Court's *Rooker-Feldman* doctrine precluded Ms. Sadlowski's claim. ECF No. 29.

Ms. Sadlowski has since filed four motions: a motion to set aside judgment, ECF No. 31; two motions to amend/correct, ECF Nos. 32, 35; and a motion to expedite request for protection of a money order. ECF No. 33.

For the following reasons, the Court **DENIES** Ms. Sadlowski's motion for relief from final judgment and **DENIES** the remaining motions as moot.

## I. STANDARD OF REVIEW

Rule 60 of the Federal Rules of Civil Procedure allows modification of a judgment in limited circumstances where a court may "correct a clerical mistake or a mistake arising from an oversight or omission." Fed. R. Civ. P. 60(a). And "the court may relieve a party or its legal

representative from a final judgment, order, or proceeding" for several reasons, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or "any reason that justifies relief." Fed. R. Civ. P. 60(b).

Courts consider a motion made under rule 60(b) of the Federal Rules of Civil Procedure a motion for reconsideration. *See Krohn v. N.Y. City Police Dept't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 60(b)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—maters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010)).

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

## II. DISCUSSION

Here, neither the law nor facts have changed since the Court dismissed Ms. Sadlowski's claim with prejudice. As a result, she must point to a clear error on the part of the Court for her motion to succeed.

Ms. Sadlowski, however, has failed to raise any new information that would lead to a finding of clear error. Instead, she has reiterated the same arguments the Court has already considered.

The Court therefore **DENIES** Ms. Sadlowski's motion for relief from a judgment. *See Shrader*, 70 F.3d at 257 (finding that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding that a motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'") (internal quotation marks omitted).

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Sadlowski's motion for relief from final judgment. As a result, the Court also **DENIES** the remaining motions as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of December 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE